UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABF ENVIRONMENTAL, INC.,

        Plaintiff,        CASE NO. 17-14048
                                        HON. DENISE PAGE HOOD

v.

CAPITAL ONE, N.A.,

        Defendant.

_____/

**<u>OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT AND FOR ENTRY OF JUDGMENT OF QUIET TITLE [#17]</u>**

**I. BACKGROUND**

On December 12, 2017, Plaintiff ABF Environmental, LLC ("ABF") commenced this action against Defendant Capital One, N.A. ("Capital One") in the Sixth Judicial Circuit Court for Oakland County, Michigan, to quiet title to the real property located at 4180 Dabish Drive, Lake Orion, Michigan 48362 (the "Property") pursuant to MCL 600.2932. (Doc # 3, Pg ID 3-4) Capital One removed this action to federal court on December 15, 2017. *Id.* On December 21, 2017, Capital One filed its Answer to ABF's Complaint, a Counterclaim against ABF, and a Third-Party Complaint against Tangible Acquisitions, LLC ("Tangible Acquisitions") and New York Capital

1

Investments, LLC ("New York Capital Investments") for declaratory judgment and to quiet title to the Property. (Doc # 5) ABF and Tangible Acquisitions (collectively, "Plaintiffs") filed their Answer to Capital One's Counterclaim and Third-Party Complaint on March 9, 2018. (Doc # 8) On March 21, 2018, having received no responsive pleading, Capital One requested a Clerk's Entry of Default against New York Capital Investments. (Doc # 9) The Clerk entered Default against New York Capital Investments on March 22, 2018. (Doc # 10) On July 3, 2018, Plaintiffs filed a Motion to Enforce Settlement Agreement and for Entry of Judgment of Quiet Title. (Doc # 17) This matter is currently before the Court.

According to Plaintiffs, prior to filing their Answer to Defendant's Counterclaim and Third-Party Complaint, settlement negotiations took place between Plaintiffs and Capital One through their attorneys. (Doc # 17, Pg ID 177) At that time, ABF and Tangible Acquisitions were both represented by Attorney Paul Carthew, and Capital One was represented by Attorney Matthew Stromquist. *Id.* On February 20, 2018, Capital One allegedly agreed that upon the sale of the Property in the amount of $283,000, it would pay ABF $75,000 from the proceeds of that transaction. (Doc # 17, Pg ID 177-78) Plaintiffs claim that Attorney Carthew accepted Capital One's offer on their behalf through email. *Id.*

Capital One denies that a settlement agreement was reached between the parties. (Doc # 19, Pg ID 254-255) Capital One admits that it attempted to explore whether settlement was possible. *Id.* However, Capital One alleges that it informed ABF that it was no longer interested in settlement negotiations after discovering that fraudulent quit claim deeds had been recorded purporting to transfer title to real property it owned. (Doc # 19, Pg ID 255)

**II. ANALYSIS**

In order for a federal court to retain jurisdiction over a matter following a settlement agreement, there must be a basis for jurisdiction. *Kokkonen v. Guardian Life Ins. Co., of America*, 511 U.S. 375, 378 (1994). A district court may retain jurisdiction over a matter that involves a settlement agreement by: (1) conditioning dismissal, when it is pursuant to Federal Rule of Civil Procedure 41(a)(2), on the parties' compliance with the terms of the settlement agreement; or (2) incorporating the settlement agreement in the dismissal order or retaining jurisdiction over the settlement agreement when it is pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). *Id.* at 381-82. Where a court retains jurisdiction, "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Id.* at 381. Where jurisdiction

3

is not retained, "enforcement of the settlement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* at 383.

Here, Plaintiffs have not established a legitimate basis for this Court to enforce a settlement agreement between the parties. This Court has not dismissed an action involving these parties, and there is no indication that this Court retains jurisdiction over the alleged settlement agreement.

Since the Court does not have the proper jurisdiction necessary to enforce the alleged settlement agreement, it will not address the instant Motion for Entry of Judgment of Quiet Title.

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Enforce Settlement Agreement and for Entry of Judgment of Quiet Title (Doc # 17, filed July 3, 2018) is **DENIED**.

S/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated: October 16, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 16, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry  
Case Manager