# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ABF ENVIRONMENTAL,

          Plaintiff,               CASE NO. 17-14048
                                   HON. DENISE PAGE HOOD

v.

CAPITAL ONE, N.A.,

          Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#42]

**I.**      BACKGROUND

A. Procedural Background

On December 12, 2017, Plaintiff ABF Environmental, LLC ("ABF") filed a Complaint against Defendant Capital One, N.A. ("Capital One") seeking quiet title to the disputed property located at 4180 Dabish Road, Lake Orion, Michigan 48328 ("the Property"). [ECF No. 3, Pg.ID 9] On December 21, 2017, Capital One filed a counterclaim against ABF and third-party Complaints against Tangible Acquisitions, LLC[1] ("Tangible Acquisitions") and New York Capital Investments, LLC ("New York Capital") seeking a declaratory judgment that it is the undisputed

---

[1] ABF and Tangible Acquisitions are owned by the same family. Fred Abdou, is involved with both companies and ABF is the primary financier of Tangible Acquisitions. [ECF 44, Pg.ID 559 FN 1]

owner of the Property (Count 1) and Quiet Title (Count 2). [ECF No. 5] On March 22, 2018, a Default Judgment was entered against New York Capital. [ECF No. 10] On November 14, 2018, Tangible Acquisitions filed a counterclaim against Capital One for unjust enrichment. [ECF No. 29]

This matter is before the Court on Defendant's Motion for Summary Judgment filed on May 16, 2019. [ECF No. 42] ABF and Tangible filed a Response on June 6, 2019. [ECF No. 44] Capital One filed a Reply on June 20, 2019. [ECF No. 45]

For the reasons set forth below, Capital One's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART.**

### B. Factual Background

In 2017, Capital One began preparations to sell the Property and discovered that multiple deeds had been recorded purportedly transferring its interest to different entities. [ECF No. 42, Pg.ID 406] Upon investigating, Capital One claims it discovered a forged quitclaim deed, which had been recorded October 21, 2014, that purported to transfer its interest in the Property to New York Capital. [*Id.*]

On August 27, 2015, Tangible Acquisitions purchased the Property from New York Capital and received a quitclaim deed from New York Capital. [ECF No. 44, Pg.ID 560]

ABF financed approximately $117,760.00 of improvements and repairs of the Property. [*Id.* at 562] ABF also paid "some of the property taxes"[2] on the Property. [*Id.*, 708] Tangible Acquisitions oversaw the improvements that included:

> Fixing damage from animals; fixing interior water damage and mold growth; exterior wood siding repair; kitchen granite countertop; garage door and opener; drywall demo and replacement; plumbing; double vanity; insulation; interior paint including basement; basement and attic remediation; exterior paint; exterior light fixtures; back deck replacement; hardwood floor refinishing; water softener system; hot water tank; utilities, pest control, lawn care; property taxes; JennAire Gas Downdraft Range; Fisher & Paykel Counter Depth Refrigerator; furnace and air conditioner.

[ECF No.44, Pg.ID 560]

On July 21, 2014, Tangible received a title report showing that ING Direct[3] was the "apparent owner" of the Property. [ECF No. 42, Pg.ID 409] In September 2014, Tangible signed an agreement providing that Tangible would pay New York Capital $75,000 for New York Capital's interest in the Property. [*Id.* at 408] Despite Tangible's agreement with New York Capital, it was unable to produce a document showing New York Capital had marketable title or an insurance policy for the Property and New York Capital's supposititious deed was not recorded until October 21, 2014, more

---

[2] It is unclear from ABF's brief whether they paid property taxes in addition to the $117,760.00 or if the taxes are included in that amount.
[3] ING Direct merged with Capital One in November 2012. [ECF No. 42, Pg.ID 406]

than a month after its agreement with Tangible Acquisitions. [*Id.* at 409] In

October 2014, New York Capital was not an "existent" entity. Sometime

after September 2014, Tangible Acquisitions began making improvements

on the Property. [ECF No. 44, Pg.ID 601] [Exhibit 6] ABF and Capital One

did not engage in any discussions regarding these improvements. [*Id.* at 581]

Although claiming no knowledge or involvement of New York

Capital's apparently forged deed, ABF concedes that New York Capital's

supposititious deed has given Capital One a stronger claim to the Property

under Michigan law. [*Id.* at 562] ABF nor Tangible Acquisitions was

involved with the creation of the forged deed. [*Id.* at 562 FN 1]

ABF seeks compensation based on the unjust enrichment theory in the

amount of $117,760.00, the monetary amount spent on repairing and

improving the Property. [*Id.* at 561]

I.      ANALYSIS

  A. Standard of Review

      Rule 56(a) of the Federal Rules of Civil Procedures provides that the court

"shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view admissible evidence in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

## B. Quiet Title

Both Capital One and ABF concede that Capital One has a stronger claim to the Property because of New York Capital's supposititious deed. [ECF No. 42, Pg.ID 414; ECF No. 44, Pg.ID 562] There is no genuine issue of material fact as to the true owner of the Property. With respect to the Quiet Title claim, Capital One's Motion for Summary Judgment is **GRANTED.**

## C. Unjust Enrichment

Capital One argues that the test for unjust enrichment is not met because ABF did not directly confer a benefit on Capital One. ABF argues that the $117,760.00 in improvements and repairs, and property taxes amounts to a benefit which would warrant unjust enrichment.

To recover under unjust enrichment, a plaintiff must show that the plaintiff (1) received a benefit from the defendant, and (2) that an inequity resulted because of the defendant's retained benefit. *Belle Isle Grill Corp. v. City of Detroit*, 666 N.W.2d 271, 280 (Mich. Ct. App. 2003). If both elements are satisfied, the law will imply a contract to prevent unjust enrichment. *Id.* A contract is only implied if there is no express contract already covering the subject matter. *Id.* A sole benefit is not enough to satisfy an unjust enrichment claim. *Smith v. Glenmark Generics, Inc., USA*, No. 315898, 2014 WL 4087968, at *1 (Mich. Ct. App. Aug. 19, 2014).

If a legitimate benefit is found, part two of the test looks at the inequity of that benefit. *Belle Isle Grill Corp.*, 666 N.W.2d at 280. Unjust enrichment cases often distinguish between a party that inadvertently receives a benefit compared to a party that receives a "windfall to the detriment of the other." *Fair v. Moody*, No. 278906, 2008 WL 5382648, at *12 (Mich. Ct. App. Dec. 23, 2008). Unjust enrichment may also be warranted when a party retains legal title or actual possession of real property that has been improved by another. *Asphalt Specialists, Inc. v. Steven Anthony Dev. Co.*, No. 305753, 2014 WL 3887172, at *5 (Mich. Ct. App. Aug. 7, 2014).

Capital One argues that ABF cannot meet step one of the unjust enrichment test because ABF did not directly confer a benefit on Capital One and there was no direct interaction between the parties. On this point, Capital One asserts that ABF cannot produce any records showing that it financed any repairs of the Property. ABF, in an affidavit and subsequent exhibit, has produced records showing its investment in the Property. Capital One further argues that even if it received a benefit, the benefit did not result in an inequity because Capital One did not request, coerce, or induce it by mistake. Capital One argues that under *Affinity Resources., Inc. v. Chrysler Group., LLC*, No. 308857, 2013 WL 5576111, at *9 (Mich. Ct. App. Oct. 10, 2013), the benefit must not be unilaterally granted with the hope or expectation of compensation.

7

Capital One also asserts that "[f]orged papers cannot be made the basis for a recovery" in law or in equity against "those in good faith holding and owning the genuine papers." [EFC No. 42, Pg.ID 423-24] (quoting *Lee v. Kellogg*, 66 N.W. 380, 381 (Mich. 1896). The Court finds *Lee* and the instant case distinguishable. *Lee* involved two innocent mortgage assignees and the determination of their competing rights, neither of which had major expenses paid off at the detriment of another party. The instant case involves a plaintiff seeking to prevent the defendant from recovering a benefit at its expense. On this issue, the instant case and ABF's arguments are more analogous to *Fair v. Moody* and involve a potential "windfall" for Capital One.

ABF argues that their financial investments in the Property bestow an inequitable benefit on Capital One. ABF argues that the $117,760.00 it spent improving the property will "add immensely to the value" of the Property when Capital One sells the house. ABF also asserts that paying some of the property taxes bestowed a benefit on Capital One.

Capital One argues that ABF is ineligible for unjust enrichment compensation because it "participated in a scheme to fraudulently transfer title" and proceeded to improve the property without Capital One's consent. [ECF No. 45, Pg.ID 729] Although ABF does not explicitly describe when they began improving the Property, the facts taken in ABF's favor suggest ABF was unaware

8

of any fraudulent activity with New York Capital. [ECF No. 44, Pg.ID 579] And ABF asserts that it undertook the repairs under the assumption that it would receive the benefit of its work. [*Id.* at 561]

Viewing the facts in the light most favorable to ABF, this Court finds that there are genuine issues of material fact regarding the benefits that Capital One received from ABF's improvement of the Property and whether ABF's improvements to the Property would grant Capital One an inequitable benefit. The Court specifically finds the date the improvements began and the motivations behind ABF's improvements at issue. As Capital One argues, unilateral improvements with the expectation of compensation would not justify a finding for ABF. However, Capital One has failed to show that ABF undertook the improvements without an express agreement between the parties expecting Capital One to compensate it. Capital One's Motion for Summary Judgment refuting unjust enrichment is **DENIED.**

## II.    CONCLUSION

For the reasons stated above,

IT IS SO ORDERED that Defendants' Motion for Summary Judgment [ECF No. 42] **GRANTED** in Part and **DENIED** in Part.

IT IS FURTHER ORDERED that Defendants' Motion as it pertains to Plaintiff's claim to Quiet Title is **GRANTED**.

IT IS FURTHER ORDERED that Defendants' Motion as it pertains to Plaintiff's Unjust Enrichment claim is **DENIED**.

IT IS ORDERED.

s/Denise Page Hood
Chief Judge

DATED: May 31, 2020